FILED

NOV 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOVI LUMENTAH, | No. 11-73192 |
| Petitioner, | Agency No. A096-053-957 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Novi Lumentah, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Lumentah failed to establish past persecution because, even considered cumulatively, his experiences in Indonesia did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution). Further, substantial evidence supports the BIA's determination that, even under a disfavored group analysis, Lumentah failed to establish sufficient individualized risk of harm to demonstrate a well-founded fear of persecution. *See Halim*, 590 F.3d at 977-79; *Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc) (individualized risk requires showing petitioner's fear is "distinct from [that] felt by all other ethnic Chinese Christians in Indonesia"). Accordingly, Lumentah's asylum claim fails. In light of our conclusion regarding the BIA's disfavored group analysis, we need not address Lumentah's contentions regarding the BIA's alleged errors in upholding other parts of the IJ's decision.

11-73192

Because Lumentah has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, Lumentah does not raise any arguments regarding the denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**